EDITH THOMSON AND HAWAIIAN TRUST COMPANY, LIMITED, *v.* WILLIAM C. McGONAGLE, TREASURER OF THE TERRITORY OF HAWAII.

No. 2182.

ARGUED SEPTEMBER 17, 1935.  DECIDED SEPTEMBER 17, 1935.

COKE, C. J., PETERS, J., AND CIRCUIT JUDGE METZGER IN PLACE OF BANKS, J., UNABLE TO ATTEND ON ACCOUNT OF ILLNESS.

OPINION OF THE COURT BY COKE, C. J.

Upon the ground that he is a stockholder in the Hawaiian Trust Company, Limited, one of the parties to this proceeding, Mr. Justice Peters has suggested his disqualification to sit as a member of this court in the hearing of the above cause. The Organic Act, § 84, provides: "That no person shall sit as a judge or juror in any case in which his relative by affinity or by consanguinity within the third degree is interested, either as a plaintiff or defendant, or in the issue of which the said judge or juror has, either directly or through such relative, any pecuniary interest; nor shall any person sit as a judge in any case in which he

has been of counsel or on an appeal from any decision or judgment rendered by him, and the legislature of the Territory may add other causes of disqualification to those herein enumerated."

The submission in this proceeding presents a controversy which involves the liability of Edith Thomson and the Hawaiian Trust Company, Limited, trustees under a certain life insurance trust created by James Buchanan Thomson, deceased, to pay to the Territory a certain sum claimed to be due as inheritance tax. The submission therefore must be regarded in the light of an action in assumpsit or debt to recover money claimed to be due the Territory.

It is settled that a stockholder of a corporation has a "pecuniary interest" in an action in which the corporation is interested in its individual capacity. (33 C. J. 995.) In the present case the Hawaiian Trust Company, Limited, appears in its capacity as a trustee, but should an enforceable judgment be rendered in the name of the Territory against the trustees and should they fail to satisfy the judgment out of trust property an individual personal liability would attach to them under the provisions of section 2060, R. L. 1935. In this sense the stockholders of the Hawaiian Trust Company, Limited, have a "pecuniary interest" in the outcome of the litigation and it follows that Mr. Justice Peters is disqualified to sit in this cause.

*J. V. Hodgson,* Deputy Attorney General, for territorial treasurer.

*L. Jenks,* of the law firm of *Prosser, Anderson, Marks & Wrenn,* for the trustees.